USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 4/26/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE SHERATON, LLC,

                         Plaintiff,

                -v-

FORTUNA FIFTH AVENUE, LLC and
MORRIS MOINIAN,

                         Defendants.

No. 17-CV-4637 (RA)

MEMORANDUM & ORDER

---

RONNIE ABRAMS, United States District Judge:

On March 5, 2019, the Court denied Plaintiff's motion for summary judgment as premature, without prejudice to renew upon completion of discovery. The Court held that the parties would be entitled to pursue discovery on the limited question of whether Starwood's merger with Marriott altered the "System" that the parties had bargained for in the Franchise Agreement (the "Agreement"). As to the remaining categories of discovery sought by Defendants, the Court ordered Defendants to articulate in more detail precisely how discovery on those topics could change the outcome of the case.

In response to the Court's order, Defendants submitted a one page, conclusory letter that fails to articulate in any further detail Defendants' need for discovery on items (a), (b), (d), or (e) of the Fritz Declaration, *see* Dkt. 59 at ¶ 12. Plaintiff submitted a letter in opposition, and further requested clarification regarding the scope of discovery permitted by the Court's March 5 order.

Upon consideration of the parties' letters, as well as the materials previously submitted to the Court in connection with Plaintiff's motion for summary judgment, the Court rules as follows:

- Defendants are not entitled to discovery on "the effect of the merger on the exclusive license given to Defendants to operate the Hotel under the Brand in the Restricted Area." Fritz Decl. ¶ 12, item (e). Defendants argue that such discovery is needed to support its counterclaim that "by virtue of Marriott's subsequent acquisition of Starwood, Plaintiff was unable to provide Fortuna with the benefits of exclusivity in the Restricted Area." Def.'s Ltr., Dkt. 79. It is undisputed, however, that no Aloft brand hotels operated within the Restricted Area either before or after Marriott's acquisition of Starwood. *See* Lall Decl. ¶¶ 19–21. The Agreement unambiguously states that the exclusivity restriction applies only to "Brand" hotels and "does not apply to any . . . hotel under any Other Starwood Brand or unbranded hotel located in the Restricted Area." Agreement § 5.1. The Agreement further defines the Brand as "the Aloft brand." Agreement Ex. B. Accordingly, to the extent that Defendants have argued that Plaintiff breached the exclusivity provision of the Agreement, Plaintiff is entitled to judgment on any such counterclaim based on the unambiguous, plain language of the Agreement and the material facts that are not in dispute. *See Ocean Petroleum, Co., Inc. v. Yanek*, 416 Md. 74, 86 (2010) ("We employ in Maryland an objective approach to contract interpretation, according to which, unless a contract's language is ambiguous, we give effect to that language as written without concern for the subjective intent of the parties at the time of formation.").
- The Court further clarifies that the "System" referred to in the Court's March 5 Order is the System defined in the Agreement as "the methods, designs, processes and arrangements for developing and operating Brand Hotels, including the

Standards and Policies, Trademarks, Brand Features, Starwood Technology and any other programs and procedures described in this Agreement or otherwise developed or used by Starwood Companies." Agreement Ex. B. This is consistent with the discovery sought by Defendants in item (c) of the Fritz Declaration. *See* Fritz Decl. ¶ 12 ("the dramatic differences between (i) the *bargained-for System described in the Franchise Agreement* with Starwood and (ii) Marriott's operational platform . . . .") (emphasis added).

As to the remaining discovery sought on items (a), (b), and (d) of the Fritz declaration, the Defendants have failed, as required by the Court's March 5, 2019 order, to "articulat[e] in more detail precisely how discovery on those topics could change the outcome of the case." Dkt. 78. These and any remaining discovery disputes—including Plaintiff's request for discovery on Defendants' motivation for its October 26, 2016 letter—shall be addressed in further detail by Magistrate Judge Wang, to whom this case will be referred for general pre-trial.

SO ORDERED.

Dated: April 26, 2019
       New York, New York

Ronnie Abrams
United States District Judge